AO 91 (Rev. 08/09)  Criminal Complaint

FILED
JOHN P. HEHMAN
CLERK

2015 JAN 14  PM 2: 59

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

# UNITED STATES DISTRICT COURT
for the

Southern District of Ohio

United States of America
v.

Christopher Lee Cornell

*Defendant(s)*

)
)
)
)
)
)

Case No. 1 : 15 M J -024

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ January 14, 2015 _____ in the county of _____ Hamilton _____ in the

___ Southern ___ District of _____ Ohio _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 1114 | Attempted Killing of a U.S. Government Officer |
| 18 U.S.C. Section 924(c) | Possession of Firearm in Furtherance of Attempted Crime of Violence |

This criminal complaint is based on these facts:

See the Affidavit of Special Agent T.A. Staderman.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

T.A. Staderman, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ January 14, 2015 _____

_____
*Judge's signature*

City and state: _____ Cincinnati, Ohio _____

Stephanie K. Bowman, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Special Agent T.A. Staderman, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.       I am a Special Agent with the Federal Bureau of Investigation, and have been since 2008.  As a Special Agent, I have been assigned to investigate various Domestic and International Terrorism matters and am assigned to the FBI's Cincinnati-Dayton Joint Terrorism Task Force.

2.       I make this affidavit in support of a Complaint charging **Defendant CHRISTOPHER LEE CORNELL** (also known as Raheel Mahrus Ubaydah) with violating Title 18, United States Code, Section 1114 (Attempted Killing of a U.S. Government Officer); and Title 18, United States Code, Section 924(c) (Possession of Firearm in Furtherance of Attempted Crime of Violence); on or about January 14, 2015, in Cincinnati, Ohio, in the Southern District of Ohio.

3.       The facts in this affidavit are based on my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not set forth all of my knowledge about this matter.

4.       Title 18, United States Code, Section 1114 prohibits, in pertinent part, a person from "attempt[ing] to kill any officer or employee of the United States or of any agency in any branch of the United States Government . . . while such officer or employee is engaged in or on account of the performance of official duties."

5. Title 18, United States Code, Section 924(c), in pertinent part, prohibits a person from possessing a firearm in furtherance of a crime of violence.

6. On October 15, 2004, the United States Secretary of State designated al-Qa'ida in Iraq (AQI), then known as Jam'at al Tawhid wa'al-Jihad, as a Foreign Terrorist Organization (FTO) under Section 219 of the Immigration and Nationality Act and as a Specially Designated Global Terrorist under section 1(b) of Executive Order 13224.

7. On May 15, 2014, the Secretary of State amended the designation of al-Qa'ida in Iraq as a Foreign Terrorist Organization under Section 219 of the Immigration and Nationality Act and as a Specially Designated Global Terrorist entity under section 1(b) of Executive Order 13224 to add the alias Islamic State of Iraq and the Levant (ISIL) as its primary name. The Secretary also added the following aliases to the ISIL listing: the Islamic State of Iraq and al-Sham (ISIS), the Islamic State of Iraq and Syria (ISIS), ad-Dawla al-Islamiyya fi al-'Iraq wa-sh-Sham, Daesh, Dawla al Islamiya, and Al-Furqan Establishment for Media Production. Although the group has never called itself AQI this name has frequently been used to describe it through its history.

8. From my participation in the investigation, including my review of FBI reports, Twitter communications, and recordings of the Defendant's statements, I have learned the following:

  a. At all times relevant, **Defendant CHRISTOPHER CORNELL** has resided in Cincinnati, Ohio, in the Southern District of Ohio.

  b. Beginning in approximately Summer 2014 and continuing to January 2015, **Defendant CHRISTOPHER CORNELL** established and used Twitter accounts under the alias Raheel Mahrus Ubaydah.

2

c.   Using his Twitter accounts, **Defendant CHRISTOPHER CORNELL** posted statements, videos, and other content indicating his support for ISIL. **Defendant CHRISTOPHER CORNELL** also voiced his support for violent jihad, as well as support for violent attacks committed by others in North America and elsewhere.

d.   In the fall of 2014, a Confidential Human Source (CHS) who began cooperating with the FBI in order to obtain favorable treatment with respect to his criminal exposure on an unrelated case, supplied information to the FBI about a person using the alias of Raheel Mahrus Ubaydah (**Defendant CHRISTOPHER CORNELL**) who posted comments and information supportive of ISIL through Twitter accounts.

e.   The CHS and **Defendant CHRISTOPHER CORNELL** first made contact with each other over Twitter in August 2014, then began communicating through an instant messaging platform separate from Twitter.

f.   On August 29, 2014, CORNELL wrote an instant message on a separate messaging platform to the CHS that he had been in contact with persons overseas and he did not think he would receive specific authorization to conduct a terrorist attack in the United States, but stated that he wanted to go forward with violent jihad and opined that this would be their way of supporting ISIL. Specifically CORNELL stated that, "I believe that we should just wage jihad under our own orders and plan attacks and everything." In undertaking these actions, CORNELL stated that he thought he was fulfilling the directives of violent jihadists. CORNELL wrote that, "we already got a thumbs up from the Brothers over there and Anwar al Awlaki before his martyrdom and many others." CORNELL made it clear that the attacks he contemplated were to be conducted in

3

alliance with ISIL by writing, "I believe we should meet up and make our own group in alliance with the Islamic State here and plan operations ourselves."

g.  **Defendant CHRISTOPHER CORNELL** and the CHS met in Cincinnati, Ohio on October 17-18, 2014.  During the meeting, **Defendant CHRISTOPHER CORNELL** discussed his support of ISIL and waging jihad.  **Defendant CHRISTOPHER CORNELL** stated that they needed weapons and wanted to "move" in December 2014, but he did not want to reveal his plans at their first meeting.  **Defendant CHRISTOPHER CORNELL** also showed the CHS jihadist videos and information about the construction of bombs on **CORNELL**'s laptop computer.

h.  In a subsequent instant message to the CHS, **Defendant CHRISTOPHER CORNELL** stated that their first meeting was to get acquainted, the second meeting would involve the discussion of their jihadist plans, and the third meeting would be to "move."

i.  **Defendant CHRISTOPHER CORNELL** and the CHS met in Cincinnati, Ohio for a second time on November 10-11, 2014.  During the meeting, **Defendant CHRISTOPHER CORNELL** indicated that he considered the members of Congress as enemies and that he intended to conduct an attack on the U.S. Capitol in Washington, D.C.  **Defendant CHRISTOPHER CORNELL** explained that he and CHS would travel to Washington, D.C., conduct reconnaissance of the security for certain government buildings, including the U.S. Capitol, and then execute a plan of attack on the U.S. Capitol.  **Defendant CHRISTOPHER CORNELL** specifically planned that he and the CHS would build, plant, and

detonate pipe bombs at and near the U.S. Capitol, then use firearms to shoot and kill employees and officials in the U.S. Capitol.

j. Using his computer, **Defendant CHRISTOPHER CORNELL** showed the CHS that he had researched the targeted government buildings in Washington, D.C., researched the construction of pipe bombs, and researched the cost and sourcing for firearms and the ingredients for pipe bombs. **Defendant CHRISTOPHER CORNELL** also identified a gun store nearby that would sell a Smith & Wesson semi-automatic rifle.

k. In furtherance of the planned attack, **Defendant CHRISTOPHER CORNELL** saved money to fund the attack, researched the targeted government buildings in Washington, D.C., researched the construction of pipe bombs, and researched the cost and sourcing for firearms and the ingredients for pipe bombs.

9. On or about January 13 and 14, 2015, in the Southern District of Ohio, **Defendant CHRISTOPHER CORNELL** and the CHS discussed and took the final steps in order to travel to Washington, D.C. to execute the plan.

10. On or about January 14, 2015, in the Southern District of Ohio, **Defendant CHRISTOPHER CORNELL** purchased and possessed a firearm, namely 2 Armalite Inc., Model M-15, 5.56mm, semi-automatic rifles (Serial numbers: MS000788B and MS000974A), and approximately 600 rounds of ammunition, with the plan to travel to Washington, D.C., and kill employees and officers working in and around the U.S. Capitol.

11. **Defendant CHRISTOPHER CORNELL** was arrested by law enforcement on January 14, 2015, after Defendant purchased and took possession of the firearm.

12.    Based on the foregoing, I believe there is probable cause to believe that

**Defendant CHRISTOPHER LEE CORNELL** (also known as Raheel Mahrus Ubaydah)

violated Title 18, United States Code, Section 1114 (Attempted Killing of a U.S. Government

Officer); and Title 18, United States Code, Section 924(c) (Possession of Firearm in Furtherance

of Attempted Crime of Violence); on or about January 14, 2015, in Cincinnati, Ohio, in the

Southern District of Ohio.

Respectfully submitted,

T.A. Staderman
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on January 14, 2015

STEPHANIE K. BOWMAN
UNITED STATES MAGISTRATE JUDGE

6